UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Edward Cunningham,

                Plaintiff,            CV-03-3522 (CPS)

    – against –             MEMORANDUM
                                      OPINION AND ORDER

Consolidated Edison Inc.,

                Defendant.

----------------------------------------X


SIFTON, Senior Judge,

     Plaintiff, Edward Cunningham, commenced this action by
filing a complaint invoking this Court's federal question and
supplementary jurisdiction against defendant, Consolidated Edison
Inc. ("Con Edison" or "Con Ed").  The complaint sets forth claims
for relief based on race discrimination, in violation of Title
VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*
("Title VII") and the New York State Human Rights Law, Executive
Law §296 *et seq.* ("NYSHRL"), age discrimination in violation of
the Age Discrimination in Employment Act of 1967, as amended, 29
U.S.C. §621 *et. seq.* ("ADEA"), and the New York City Human Rights
Law, N.Y.C. Admin Code §8-101 *et seq.* ("NYCHRL"), and retaliation
in violation of Title VII, NYSHRL and NYCHRL.  This Court granted
summary judgment in favor of Con Edison in March 2006.  Now
before this Court is plaintiff's motion for reconsideration,

pursuant to Fed. R. Civ. P. 59(e) and Local Rule 6.3.[1]  For the reasons set forth below, plaintiff's motion is denied.

## Background

Familiarity with this Court's previous decision is assumed. *See Cunningham v. Consol. Edison Inc.*, 2006 WL 842914 (E.D.N.Y. 2006).  The facts relevant to the present motion are summarized below.

On March 28, 2006, I granted Con Edison's motion for summary judgment.  In that decision, I held that plaintiff had abandoned his hostile work environment claims (claims 1-6), leaving only his retaliation claims (claims 7-9).  I also held that only eight of the eleven adverse employment actions which plaintiff alleged against Con Ed presented a *prima facia* case for retaliation. With respect to those eight claims I stated, after reviewing Second Circuit authority on the subject, that "passage of two months between the protected activity and the adverse employment actions seems to be the dividing line" for a finding of causal connection; accordingly, I concluded that five of the eight remaining adverse actions were not causally connected to the protected activities alleged and, as a result, could not form the basis for a retaliation claim.  Finally, I concluded that Con Ed

---

[1] Plaintiff originally requested reconsideration under Fed. R. Civ. P. 60 as well, but amended the motion to exclude Rule 60 on April 10, 2006.

had presented legitimate, non-discriminatory reasons for the
adverse actions remaining and that plaintiff had failed to meet
his burden of demonstrating that Con Ed's reasons were
pretextual.  In reaching these conclusions, I excluded from
consideration the affidavit of Ariel Antonmarchi on the ground
that plaintiff had failed to disclose Antonmarchi's name in a
timely fashion.

Plaintiff now moves for reconsideration of my decision on
four grounds: (1) that Con Ed misrepresented facts which led to
the decision to exclude the Antonmarchi affidavit; (2) that
plaintiff had in fact met his burden on showing that Con Ed's
reasons were pretextual with regards to his 2002 suspension; (3)
that Con Ed failed to sustain its burden of presenting a non-
retaliatory reason for an alleged adverse action, namely, a delay
in tuition reimbursement; and (4) that the Court erred in finding
no causal connection between plaintiff's protected activities and
the adverse employment actions.

**Discussion**

Rule 59(e)[2] "does not prescribe specific grounds for

---

[2] In relevant part, Rule 59(e) reads: "Motion to Alter or Amend a
Judgment. A motion to alter or amend the judgment shall be served not later
than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).  Local Rule 6.3
also provides a means to move for reconsideration, stating that a motion for
reconsideration shall be served within ten days after entry of judgment and
shall be accompanied by "memorandum setting forth concisely the matters or
controlling decisions which counsel believes the court has overlooked."
However, since "[c]ourts in this District review motions pursuant to Local

granting a motion to alter or amend an otherwise final judgment,"
*Munafo v. Metropolitan Transp. Authority*, 381 F.3d 99, 105 (2d
Cir. 2004), and "district courts may alter or amend a judgment to
correct a clear error of law or prevent manifest injustice." *Id.*
(internal citations and quotations omitted); *see also Wood v.
F.B.I.*, 432 F.3d 78, 85 n. 4 (2d Cir. 2005) (affirming denial of
Rule 59(e) motion where "district court did not commit error or a
manifest injustice"). "The standard for granting such a motion
is strict, and reconsideration will generally be denied unless
the moving party can point to controlling decisions or data that
the court overlooked – matters, in other words, that might
reasonably be expected to alter the conclusion reached by the
court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d
Cir.1995).

1. Excluded Antonmarchi Affidavit

Plaintiff moves for reconsideration of the exclusion of the
Antonmarchi affidavit on the ground that a misrepresentation by
defendant led to the exclusion of the affidavit.[3]  Antonmarchi

---

Rule 6.3 under the same standards applicable to motions pursuant to Federal
Rule of Civil Procedure 59(e)," there is no need to review its application
separately. *In re Salomon Analyst Level 3 Litigation*, 373 F.Supp.2d 248, 250
(S.D.N.Y. 2005).

[3] Although Con Edison argues that this constitutes a new argument which
is inappropriately raised on a motion for reconsideration, if Con Edison
failed to inform the Court of material facts which would have changed this
Court's evaluation, it would be manifestly unjust to exclude the affidavit.

was not listed in plaintiff's initial Rule 26(a) disclosures, nor
was an amended Rule 26(a) disclosure filed despite the fact that
Antonmarchi's was, according to plaintiff, the sole witness with
direct evidence of Con Edison's retaliations against Cunningham.[4]
According to Con Ed's brief on summary judgment, the first time
Antonmarchi's name was mentioned was in the middle of the last
day of plaintiff's deposition, January 18, 2005, which was also
the final day of discovery.  Pursuant to Rule 37(c)(1), this
Court excluded the Antonmarchi affidavit since plaintiff offered
no explanation for the delay and Con Ed was not given an
opportunity to depose Antonmarchi or prepare for cross-
examination of Cunningham concerning Antonmarchi.[5]

Plaintiff now argues that Con Ed was aware that Antonmarchi
was a potential witness substantially before January 18, 2005.
In response to Con Ed's first set of interrogatories,
Antonmarchi's name was listed on June 1, 2004 (along with 50

---

[4] Rule 26(a)(1) provides "a party must, without awaiting a discovery request, provide . . . (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1).

[5] Rule 37 provides:

a party that without substantial justification fails to disclose information required . . . by Rule 26(a) or 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any . . . information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

other names) as someone with knowledge relevant to the action.
In plaintiff's first deposition, Cunningham mentioned that
Antonmarchi witnessed the 2001 incident with Abbitelli. Further,
plaintiff states that two emails sent to Bagwell in May 2002
refer to Antonmarchi and Cunningham both being denied cable-
splicing positions and being failed on the precision instruments
test.

None of these references to Antonmarchi disclose (in the
language of Rule 26(a)(1)(A)) that he "is likely to have
discoverable information that [plaintiff] may use to support his
claims," much less what the information is. Only on the last day
of discovery was Antonmarchi revealed as plaintiff's primary
witness to Con Ed's allegedly illegal actions. The nature and
relevance of his testimony was obviously known to plaintiff long
before then. Plaintiff has to this day provided no excuse for
the failure to amend the Rule 26(a) disclosures to include
Antonmarchi's name.[6] In fact, in response to Con Ed's discovery
request for the identities of potential witnesses, plaintiff's

---

[6] Plaintiff states that Con Ed "followed up questioning about Ariel
Antonmarchi" on January 18 based on what Cunningham said about him in
December. However a review of the transcript shows that Con Ed's follow up
question was not about Antonmarchi but rather about what Abbitelli said to
Cunningham; Antonmarchi's name was only mentioned by defense counsel since
counsel was quoting Cunningham's previous testimony in full which referenced
Antonmarchi. Only later in the deposition, after other references to
Antonmarchi had been made by Cunningham and after plaintiff's counsel informed
Con Ed that he had failed to disclose Antonmarchi's name, did Con Ed directly
question Cunningham about Antonmarchi. The fact that Con Ed was able to ask
some questions about Antonmarchi during the January deposition is not
dispositive, since Con Ed was unable prepare for effective deposition
beforehand, nor was it able to question Antonmarchi directly.

response on June 1, 2004 stated (after objecting to the request) that he would address the request in due course and yet, six months later, plaintiff still had not provided this information. From this chain of events, I conclude that plaintiff deliberately avoided alerting Con Ed as to Antonmarchi's relevance until the last minute, when it was too late for Con Ed to effectively prepare for any deposition. In such a situation, the appropriate sanction was to exclude the affidavit.[7]

2. Suspension and Warning

Plaintiff also moves for reconsideration of this Court's finding that plaintiff failed to provide evidence to support the inference that defendant's non-retaliatory explanations for the allegedly adverse actions were pretext. In making this argument, plaintiff relies on the difference between the discipline meted out to him and to the individual (Otero) whom plaintiff had threatened to shoot.[8]

While a difference in discipline between parties who are

_____

[7] Even if this affidavit were admitted as evidence, many statements in the affidavit constitute hearsay and may not be considered on a motion for summary judgment, as previously stated by this Court. *Cunningham*, 2006 WL 842914 at *14. In particular, paragraphs 10, 11 (in part), 13, 17, 18, 19, 20 and 21, which constitute the core of the evidence demonstrating the alleged retaliatory animus of Con Ed, are hearsay and plaintiff has offered no argument why a hearsay exception should apply. *See Evans v. Port Authority of New York and New Jersey,* 192 F.Supp.2d 247, 263 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence").

[8] Plaintiff was given a 17.5 day suspension and a final warning. Otero was suspended for 10 days.

similarly situated might give rise to an inference of retaliation, Cunningham and Otero did not engage in conduct of "comparable seriousness." *Graham v. Long Island R.R.,* 230 F.3d 34, 40 (2d Cir. 2000). Nor was the discipline imposed so different as to justify a jury finding that Con Ed was engaging in an effort to retaliate for plaintiff's protected conduct. As the arbitrator found, Cunningham's role in starting the dispute, his "unacceptable" threat, and his absence of remorse were what distinguished Cunningham's misconduct. (Opinion and Award of Arbitrator Mackenzie, CUN00000164). *See Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free School Dist.*, 411 F.3d 306, 314 (2d Cir. 2005); *see also Vanhorne v. New York City Transit Authority,* 273 F.Supp.2d 209, 215 (E.D.N.Y. 2003) (findings made by an unbiased arbitrator after a fair hearing and based on substantial evidence are entitled to "great weight" on a summary judgment motion). Nor is it rational to infer that a Con Ed manager, given the task of disciplining an employee who had threatened to kill a coworker, would deliberately mischaracterize "verbal counseling" as formal discipline in order to punish plaintiff for his prior complaints. (Opinion and Award of Arbitrator Mackenzie, CUN00000164).


3. Tuition Reimbursement

        Plaintiff also seeks reconsideration of my conclusion that

plaintiff failed to present evidence that Con Ed's statement that there was no delay in processing plaintiff's for tuition reimbursement was pretextual. Defendant asserted that the delay in processing the plaintiff's claim for tuition reimbursement was "normal." Since plaintiff presented no evidence as to the time it took to process other employees' claims, the employer's claim went unrebutted.

4. Causal Connection

Finally, plaintiff seeks reconsideration of my conclusion that the were no causal connection between Con Ed's allegedly retaliatory actions and plaintiff's protected activities, as required to present a *prima facia* case of retaliation.

Reconsideration of that portion of my March, 2006 decision which concluded that defendant's allegedly retaliatory actions fell outside the temporal "dividing line" between those actions which a jury could find were caused by plaintiff's protected activity and those which it could not does warrant reconsideration. As I should have recognized, the failure of the Court of Appeals to draw a "bright line" with which to determine issues of causation, *Gorman-Bekos v. Cornell Coop. Extension*, 252 F.3d 545, 554-555 and n.5 (2d Cir. 2001), was not an invitation for others to do so. On reconsideration I recognize that the issue of causation is to be determined on the basis of the time

interval between the two events only in situations in which the time interval is the sole evidence relied upon to establish causation. *Cf. Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); *Burkybile*, 411 F.3d at 314. Nevertheless reconsideration under the appropriate standard leads to the same result. Aside from time sequence, that is, that the protected activity preceded that alleged retaliation, there is little to establish a causal connection between the separate events.

While plaintiff complained to Bagwell that he was deliberately failed in April, 2002 on the Precision Instruments Practical Test because of the animosity of a General Manager towards him stemming from plaintiff's complaints three months earlier, nothing was presented on defendant's summary judgment motion to substantiate this conclusory accusation. For example, nothing was presented concerning the nature of the test, whether graded subjectively or objectively, or concerning the relationship of the "Learning Center" which apparently administered the test and the manager whose animosity is said to have caused plaintiff's failure. As the Supreme Court has noted, "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality .... uniformly hold that the temporal proximity must be 'very close.'" *Clark County Sch. Dist.,* 532 U.S. at 273-74. Here plaintiff presents only temporal

proximity to establish causation and the time lapse is not close.

With respect to the argument that plaintiff's termination in June 2002 (later reversed) was caused by his protected activity five months earlier, plaintiff not only presents no evidence of causal connection apart from the fact that one event preceded the other, but he fails entirely to deal with the much more obvious explanation of his termination, namely his verbal abuse of his fellow workers and supervisor which immediately preceded it. While there is a distinction between proof of pretext and proof of causation, the intervention of another conceded incident deserving discipline between the protected activity and the discipline substantially increases the need for close proximity in time between the two events.

Plaintiff next argues that a three month delay in receipt of his back pay following his restatement also constitutes retaliation for his protected activity occurring over a year earlier. Evidence, apart from the time sequence, for causation here is entirely lacking. Nothing is presented concerning the usual period for processing such payments in the face of defendant's statement that such a delay is normal.

Plaintiff also argues that, on November 20, 2003, four months after he filed his complaint in this case, Con Ed retaliated by having Mavrovic falsely accuse him of profanity. Plaintiff has failed to provide any evidence to substantiate the

allegation the Mavrovic was acting on the orders from Con Ed or that Mavrovic was even aware of the filing of the complaint.

Finally, on November 21, 2003, plaintiff was suspended. The evidence, in the form of plaintiff's own admissions and internal memorandum on the incident, demonstrates that Cunningham failed to attend a meeting, as a result of which he was suspended pending an investigation. Again, the intervention of another incident deserving of discipline increases the need for close proximity and Cunningham has introduced no evidence to demonstrate that this his suspension was anything other than a legitimate disciplinary measure. In the absence of evidence, each of these complaints of retaliation were properly dismissed for failure to establish a *prima facie* case of causation. *See Abreu v. Suffolk County Police Dept.,* 2007 WL 608331, at *14 (E.D.N.Y. 2007) ("courts must carefully consider the time lapse in light of the entire record"); *Perugini v. Stryker Orthopaedics*, 2007 WL 601454, at *7 (D.Conn. 2007).

## Conclusion

For the reasons stated above, the motion for reconsideration is denied. The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated :   Brooklyn, New York
          March 19, 2007

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                           United States District Judge